IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
NOV 1 8 2005
Michael N. Milby, Clerk of Court

| | |
|---|---|
| LISA BICK, § | |
| Reg. No. 16503-045, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-05-3842 |
| § | |
| JOYCE FRANCIS, WARDEN, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Lisa Bick, proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2241, challenging the Bureau of Prison's execution of her sentence. Petitioner claims she is entitled to immediate confinement in a community confinement center (CCC). After reviewing the pleadings and the applicable law, the Court **DENIES** relief and **DISMISSES** this case for the reasons discussed below.

I.   BACKGROUND

According to her petition, petitioner was convicted of conspiracy to distribute methamphetamine on November 9, 2004, and sentenced to twelve months and one day of federal imprisonment. Petitioner does not explain why her sentence remains unfinished as of November 10, 2005, the date this Court received her petition. The Court will assume, *arguendo*, that the relief sought by petitioner is not moot.

Petitioner does not challenge her underlying conviction, but instead seeks habeas corpus relief under 28 U.S.C. § 2241. To prevail, petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). Petitioner argues that the United States Bureau of Prisons (BOP) has wrongfully denied her the right to serve the last six months of her imprisonment in a CCC. Prior to December of 2002, the BOP regularly placed inmates in a CCC for the last six months of their imprisonment. This changed when the Department of Justice concluded that federal statutes did not permit the BOP to place inmates in a CCC prior to the last ten percent of their prison terms. In response, the BOP proposed to exercise discretion categorically to limit inmates' community confinement to the last ten percent of the prison sentence being served, not to exceed six months. *Community Confinement*, 69 Fed. Reg. 51,213 (August 18, 2004). The BOP gave notice of the potential rule in the Federal Register in August of 2004 and invited comments. *Id.* The rule was adopted in 2005. *Bureau of Prisons Community Confinement Rule*, 28 C.F.R. § 570.21 (2005); *Community Confinement*, 70 Fed. Reg. 1,659 (Jan. 10, 2005). Petitioner contends that she is entitled to the full six months, not limited to the last ten percent of her sentence.

## II. ANALYSIS

Petitioner's application fails on its face to state a cognizable habeas claim. Petitioner argues that she is entitled to CCC placement for six months because the 2005 policy is an unreasonable interpretation of 18 U.S.C. § 3621(b). The BOP is charged by federal statute with designating the place of the prisoner's imprisonment. 18 U.S.C. § 3621(b). The statute allows the BOP to designate any correctional facility meeting minimum standards that it determines to be appropriate and suitable, setting out several factors for consideration. *Id.* Federal law also directs that the BOP shall, to the extent practicable, assure that a prisoner

serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per cent of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. *Id.* § 3624(c). The BOP's 2005 policy implements these statutes.

Agency rules issued within the scope of authority granted by Congress are entitled to heightened deference, and any ensuing regulation is binding on courts unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute. *United States v. Mead Corp.*, 533 U.S. 218, 121 (2001). The BOP's new policy was promulgated in compliance with the Administrative Procedure Act, 5 U.S.C. § 553, and is entitled to such deference.

The overwhelming majority of courts considering similar challenges to the 2005 policy have upheld it. *See, e.g., Morales v. Francis*, 2005 WL 2467691 (S.D. Tex. 2005) (listing cases). These decisions generally base their reasoning on the Supreme Court's decision in *Lopez v. Davis*, 531 U.S. 230 (2001). The Court in *Lopez* held that the BOP could categorically exercise its discretion to deny prisoners early release under 18 U.S.C. § 3621(e)(2)(B). *Id.* at 724. The Court reasoned that "even if a statutory scheme requires individualized determinations . . . the decision-maker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority." *Id.* at 723-24 (citation omitted).

The BOP's 2005 policy categorically denies a class of inmates, those who are eligible but not yet entitled to serve the remainder of their sentence in a CCC, transfer to a CCC. The

statute does not mandate that the enumerated factors in § 3621(b) be considered on a case-by-case basis. This Court concludes, as the vast majority of other courts considering the issue have found, that there is no distinguishable difference between the BOP's rulemaking in *Lopez* and its rulemaking here. Accordingly, the 2005 policy is legally permissible. To the extent petitioner raises an equal protection claim, she fails to demonstrate that she has been treated differently under the policy from other, similarly situated prisoners for purposes of establishing an equal protection claim. *See Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir. 1997).

Further, petitioner's *ex post facto* arguments are without merit. The *ex post facto* clause in the Constitution prohibits laws that retroactively alter the definition of crimes or increase the punishment for criminal acts. *Collins v. Youngblood*, 497 U.S. 37 (1990). To constitute an *ex post facto* violation, a law must be retrospective, that is, it must apply to events occurring before its enactment, and it must create a sufficient risk of increasing the punishment attached to the defendant's crime. *Warren v. Miles*, 230 F.3d 688, 692 (5th Cir. 2000). Although petitioner was apparently sentenced after the BOP changed its policy, *ex post facto* analysis is concerned with the law in place when the criminal act occurred. *Royal v. Tombone*, 141 F.3d 596, 603 (5th Cir. 1998).

Regardless, petitioner fails to show a sufficient risk of increasing the punishment attached to her crime. She has not alleged even a "speculative, attenuated risk" that the BOP's change in policy affects her actual term of confinement. *See California Dept. of Corrections v. Morales*, 514 U.S. 499 (1995). The BOP's change in policy regarding CCC

placement merely deprived petitioner of the ability to take additional advantage of a discretionary CCC placement program. *See Wottlin v. Fleming*, 136 F.3d 1032, 1038 (5th Cir. 1998). It is not tantamount to an increase in punishment and therefore does not implicate the *ex post facto* clause.

### III. CONCLUSION

For the above reasons, petitioner is not entitled to federal habeas corpus relief under 28 U.S.C. § 2241. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the 18th day of November, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE